J. H. CHAMBERS v. B. B. BONNER, ADMINISTRATOR, ETC.

1. On an issue whether a note for dollars and cents, made in 1863, was payable in Confederate money or not, testimony that such money was then the only currency in the county where the note was given, and that a note given at that time for dollars meant Confederate dollars, would not have been admissible, if objected to ; and, therefore, there was no error in refusing a continuance asked for the purpose of obtaining such testimony.

2. Nothing but proof of a positive agreement by the parties to a note for " dollars," that it should be payable in Confederate money, would authorize a jury in finding that it was payable in that illegal currency.

APPEAL from Smith.    Tried below before the Hon. Samuel L. Earle.

The opinion indicates all facts involved in the rulings.

*Hays & White* and *T. J. Jennings*, for the appellant.

No briefs for the appellee.

MORRILL, C. J.—This was a suit on promissory notes. The defense is that the consideration is Confederate money.

There were two trials, one in the county court and one in the district court ; each resulted in favor of the party instituting suit.

The errors assigned are, that the application for continuance was refused.    The cause for continuance was that defendant desired the testimony of certain witnesses to prove that according to the custom of the country in Smith county, where the trial was had and where the notes were given, Confederate money was the only currency, and that a note given for dollars meant Confederate money.

It is a little singular, if the facts were as stated, that one particular person only, who had been subpœnaed and did not attend, was the only person in the county who did not know this *general custom*.

Whether the continuance was refused because of the apparent mistake of the party applying for the same, or because the witness if present would not be allowed to testify, if objected to, does not appear, and in fact makes no difference, as in either case the continuance was rightfully refused. Nothing but proof that such was the positive agreement of the parties, would be competent testimony to show that a contract apparently legal was made in violation of law, and hence void, so as to authorize a jury to find for the defendant.

The judgment is affirmed.

Affirmed.