## J. DILTZ v. JAMES SADLER.

1. In 1863, S. sold to D. several tracts of land, taking D.'s note for part of the purchase-money, and executing to D. a bond for title.   After maturity of the note, S. brought suit upon it *in personam* against D., who pleaded a partial failure of the consideration of the note, admitting his possession of all the land, but alleging that S. had no title to some of the tracts, though without designating which of the tracts, or their extent or value.   S. thereupon amended his petition, and admitted that the note was for the purchase-money of the land, and tendered into court a deed to D. for all the lands, alleging it to constitute a perfect

title; and he prayed that his vendor's lien be enforced.  D. demurred to the petition as amended, on the ground that it contained admissions to the effect that S. did not have title to all of the tracts at the time he instituted this suit.  The overruling of the demurrer is assigned for error.  *Held,* that there was no error in the ruling, as the pleadings of the plaintiff contain no such admission.  But even if the plaintiff had admitted all of the allegations made in the defendant's answer, he would still have been entitled to maintain the suit.  The consideration of the note might have failed in part, and yet the plaintiff be entitled to a judgment.

2. The ruling in Chambers *v.* Bonner, 33 Texas, 511, approved, to the effect that nothing but proof of a positive agreement by parties to a promissory note payable in "dollars," that it should be payable in Confederate money, will authorize a jury to find that it was payable in that illegal currency.  The presumption is, that such a note is payable in lawful money.

APPEAL from McLennan.  Tried below before the Hon. J. W. Oliver.

. The opinion of the court indicates the material facts.

*F. H. Sleeper,* for the appellant.                                    °

*Coke, Herring & Anderson,* for the appellee.

OGDEN, J.  This suit was originally brought upon a simple promissory note, for the sum of one thousand dollars.  The defendant below admitted the execution of the note sued on, but set up as a defense to the plaintiff's demand that the consideration of the note had wholly failed in this, that the note was given for a part of the purchase-money for certain tracts of land, which the plaintiff contracted to convey to defendant, and executed to him a bond for title, in which he bound himself, on or before a certain day named, to make, execute, and deliver to defendant a good and sufficient warranty deed for all the land therein contracted to be conveyed; and he averred that the plaintiff had never had a good title to all the land contracted to be conveyed, but that the title to certain portions of said land was now outstanding in other persons, and that the plaintiff could not make such title to the same, as he was bound

to do, and that, therefore, the consideration for said note had failed. He also alleged that, by an especial agreement between both parties, the note was to be paid off and discharged in Confederate money, and that, therefore, the contract was illegal, and could not be enforced by the court.

At a subsequent term of the court the plaintiff amended, and admitted that the note was given in part payment for certain tracts of land, and that he had given his title bond for the same, and he thereupon tendered into court a deed for the land, in full compliance with his obligation under the bond; and he thereupon set up and claimed the vendor's lien upon the land, to secure the payment of the note, and prayed for a foreclosure of the same, and denied the truth of the allegation that the note, by express agreement, was to be paid in Confederate money.

The cause was submitted to a jury, and judgment was rendered for the plaintiff, and the defendant has appealed. It is insisted upon, by appellant's counsel, that this suit was brought before the plaintiff below had title to a portion of the land, for the purchase-money for which the note sued on was given; and that this fact was admitted by the plaintiff in his amended petition, and that therefore he had, at that time, no cause of action, and that this suit should have been dismissed.

We have failed to discover any admissions of the plaintiff below that, at the time of the institution of this suit, he had not a good title for all the lands contracted to be conveyed, and we have also failed to discover, from the evidence on the trial, any sufficient proof for deciding that defendant below might not have obtained a complete title for the lands in 1865, on payment of the note and demand for title.

But we are of the opinion that the defendant below, in his answer, shows a good and sufficient reason why the court should not have dismissed the suit. The defendant admits that he executed the note, and that it was in part payment for certain tracts of land. He further admits that he is in actual possession and occupancy of all the land contracted to be conveyed, but claims that the plaintiff had no title to certain por-

tions of said land, and could not, therefore, make a good title to those certain portions; but he wholly failed to show to the court the extent or value of those certain portions, that the court might thereby form a correct judgment in regard to the plea of failure of consideration. The consideration for the note might have failed in part, and yet the plaintiff be entitled to maintain his suit and demand a judgment. We are, therefore, of the opinion that if the plaintiff below had admitted as true every allegation of fact contained in the answer, even then the defendant would not have been entitled to a hearing on his demurrer.

But we think that the plaintiff by no means admitted, in his original or amended petition, his inability at the time of bringing this suit to fully comply with the terms of his bond for title. There are no deeds to the plaintiff or defendant contained in the record, and the agreed statement of facts furnished us with little information in regard to any of them, excepting the one tendered to defendant, which is admitted to be in full compliance with the terms of the title bond. There was no error in the rulings of the court on the demurrer, and there appears to have been but little controversy, upon the trial of the cause, in regard to the questions raised by the demurrer, and we therefore pass them without further notice.

That an executory contract, payable in what was and is known as Confederate money, will under no circumstances be enforced by the courts, has been too often decided to merit notice at this time. But it may now be proper to remark that, as the commerce in Confederate money was and is considered by the courts as illegal and treasonable, and as all who have engaged in that commerce are considered, to some extent, criminals before the law and country, it is peculiarly proper that the rule of the criminal law should be rigidly enforced in all cases where it is sought to punish a party for a participation in that illegal or treasonable traffic; and therefore the rule that every person shall be considered innocent until proven guilty, may very properly be invoked in all cases similar to the

one now before us.  In the case of Chambers *v.* Bonner (33 Texas, 511), this court very properly decided that "nothing but "proof that such was the positive agreement of the parties "would be competent testimony to show that a contract ap- "parently legal was made in violation of the law, and hence "void."  The note in this case was made payable in dollars, and in the absence of positive proof to the contrary, the presumption is that dollars referred alone to the lawful currency of the country, and was collectible in that currency only.  Upon the question of special agreement, the testimony is in direct conflict. One witness testifies that there was an express agreement that the note should be paid in Confederate money, while others testify with great positiveness to the contrary, and one witness, Miller, in two depositions, taken a few months apart, directly contradicts himself, and proves, in the latter, facts about which he swore, in his former, he knew nothing.  We are of the opinion that the weight of the testimony is decidedly in support of the verdict and judgment of the lower court, and we are disinclined to disturb the same.  The judgment is therefore affirmed.

Affirmed.