## NEW SOUTH BUILDING & LOAN ASSOCIATION *v.* GANN, next friend.

1. Where a deed conveyed to trustees property to be held by them in trust for the sole use and benefit of a married woman, the trust thus created, upon the death of the husband even though it occurred prior to the act of 1866, became executed; and therefore where the widow before the passage of that act conveyed the property to another person in trust for a child of hers then in life, with remainder over to any child or children whom the latter might leave surviving her, her deed, though made without the intervention of the trustees named, was effectual to vest the title in accordance with the trust set out therein.

2. Where, at the request of a grantor, a person named as trustee in a deed which creates a trust enters his acceptance of the trust created, upon such deed, such acceptance presumes conclusively a delivery of such deed by the grantor to the trustee.

3. Where a life-tenant is admitted into the possession of property, and on the faith of such possession and of her apparent ownership thereof procures a loan, creating a lien upon the fee to secure its payment, such lien operates as an encumbrance of her interest only, and can not be extended so as to divest or encumber the title of minors interested in remainder.

4. The verdict is supported by the evidence.

Submitted June 3, — Decided July 9, 1897.

Equitable petition. Before Judge Sweat. Glynn superior court. August 27, 1896.

*J. D. Sparks,* for plaintiff in error.

LITTLE, J. A number of alleged errors in the rulings of the court below are complained of in the motion for a new trial, on account of which the verdict is sought to be set aside. The more important of these are dealt with in the general ruling of the case which we make, and those not specifically covered are deemed not erroneous under the facts of the case.

In 1848, Martha C. Goodbread (who was the grandmother of Mrs. Gann) conveyed to Gignilliat and Dart lot No. 388 in the city of Brunswick, for the sole and separate use of Mary F. Moore (the mother of Mrs. Gann). In October, 1865, Mary F. Moore executed a conveyance purporting to convey the same lot to Robert Hazlehurst, "for the use, benefit and advantage in trust for Mary Maggie Moore [Mrs. Gann], and on her decease to such child or children or representative of children as she may leave in life, absolutely and in fee simple;

nevertheless should the said Mary Maggie Moore depart this life leaving no child or children or representative of children, then and in that event to the nearest relative on the side of the mother." This latter deed was not recorded until 1895. In 1893 Mrs. Gann (who was the sole heir of her mother), while in possession of lot 388, conveyed it to the plaintiff in error to secure a loan, by her fee simple deed. The plaintiff was proceeding to exercise the power of sale given in the deed, for the purpose of collecting the amount of the loan, when this equitable petition was filed in behalf of herself and her two minor children by Mrs. Gann to enjoin the sale.

1. A number of objections to the sufficiency of the deed to Hazlehurst, to vest in Mrs. Gann a life-estate in the land, with remainder to her children, are urged. One is, that it was not recorded before the deed to plaintiff in error from Mrs. Gann. We are unable to see the force of this objection. It will be remembered that this is not a contest between two grantees from the same grantor, under separate deeds; the grantor in the deed to Hazlehurst, trustee, made no other deed. What title she had passed by that deed to the beneficiaries named therein. They took under it, on the day of its delivery; if they do not have it now, it is because it has subsequently been divested. We are not aware that any law existed prior or subsequent to the date of the deed, which made or makes title in the grantee dependent upon the fact of the registry of the deed. According to the law then and now existing, failure to record might work a postponement of the title in favor of a later deed from same grantor duly registered; but it is a sufficient answer to say that here there is no such contest, and hence no such postponement. Registry does not give character to a paper; it is simply a notice of what the paper is and what it affects. *Hester* v. *Young*, 2 *Ga.* 45. The danger of a failure to record a deed is the exposure of it to defeat by a subsequent vendee without notice of the prior purchase. *Donovan* v. *Simmons*, 96 *Ga.* 340. It is contended by the plaintiff in error, that if the life-tenant was the apparent owner and there was no deed on record by which notice was given to it of the right of the minors, it was such a bona fide purchaser as would be

protected against the claim of the minors; and the case of *McCaskill* v. *Lathrop & Co.*, 63 *Ga.* 96, is cited as an authority. On principle we think that case is clearly distinguishable from the one at bar. There McCaskill had the title in himself, which was duly recorded; the beneficiaries of the trust had no title, but an equity. McCaskill was in possession, Lathrop trusted to this apparent title and possession, and the judgment was given to Lathrop *on a comparison of equities.* In the case at bar, Mrs. Gann, while the sole heir at law of her mother, was also tenant for life in the property under a deed from her mother. Possession in her was therefore consistent with either claim. There was no will by, and no administration on the estate of, the mother. Plaintiff in error loaned her a sum of money and took a deed to the property as security, on the faith that she was sole heir and therefore entitled to the property. The remaindermen had more than an equity; they had title, and it was the only title outstanding. The plaintiff in error did not only rely on a recorded deed, but made the loan on faith. It requires more than faith that one is the owner of property, to divest the title of minor beneficiaries, whose right to the property is established in due form of law, and who can not be made chargeable with laches in not making such title known to the world. These remaindermen had no right of entry until the death of the tenant for life; against them no prescription would run until that event occurred. Civil Code, § 3207, notes on p. 570; *Ford* v. *Cook,* 73 *Ga.* 221.

The plaintiff in error further cites the case of *Spinks* v. *Glenn,* 67 *Ga.* 744, to establish the proposition that it should be protected against the claim of the minors here. There the minor beneficiaries under a secret equity, "nowhere on record, nowhere ever in writing, but resting in the breasts of the father and mother" (p. 747), could not prevail against an innocent purchaser for value without notice, at execution sale on foreclosure of mortgage against the father and mother, the apparent owners. The doctrine is not new; it is old, and therefore sound; but in our judgment does not affect the principles upon which we rule the case at bar.

But it is contended by counsel for plaintiff in error, that as

Mrs. Mary F. Moore was beneficiary under a trust deed, she was incapable of passing the fee to the trust estate prior to the passage of the married woman's act in 1866. To this it may be replied, that in October, 1865, at the time she conveyed the land to Hazlehurst, trustee, Mrs. Moore was a widow, and there being no limitation to restrict, she was a feme sole as to this property, and had a legal right to dispose of the same without the intervention of the trustee, and the act of 1866 was not necessary to give her power to do so. *Coughlin* v. *Seago*, 53 *Ga.* 250; *Carswell* v. *Lovett*, 80 *Ga.* 36.

2. It is contended that there was no such delivery of the deed to the trustee as vested title of the property in him. After its execution the deed in which Hazlehurst was named as trustee was presented to Dr. Hazlehurst, and in writing on the deed he accepted the trust. It has been held, on very respectable authority, that in respect to "trust deeds" delivery to the trustee is not necessary. 37 Texas, 137. And it may be laid down as a sound proposition, that in the case of infant grantees the presumption of assent becomes a rule of law, and knowledge of the conveyance and of its delivery is not essential. 45 N. Y. 410; 39 Ill. 413; 28 Iowa, 241; 3 Ohio St. 387. As a matter of fact, the acceptance of the trust here was expressly made in writing on the deed, and was all that was necessary to show delivery of the instrument. The fact as urged that the trustee performed no duties under the trust does not take away any force from the instrument, nor responsibility from the trustee. A trustee, having once accepted the trust, is not entitled to resign or renounce the trust as of right, without good cause. 27 Am. & Eng. Enc. L. 85, and authorities cited in note 2. After acceptance, no disclaimer will remove the character of trustee. Civil Code, § 3190. See also § 3169.

The acceptance in writing by the trustee, indorsed on the deed itself, conclusively shows delivery of the trust deed, and vested in such trustee all the estate possessed by the grantor, necessary for the execution of the trust.

3. From what has been said, the conclusion to be arrived at in this case is obvious. Mrs. Gann was a life-tenant under the deed to Hazlehurst, and was in possession. While so in

possession she passed the title to the property to secure a loan. This encumbrance can not attach to the estate of the remaindermen, but will operate only as a conveyance of her life-estate. When this estate is determined, the remaindermen — not necessarily the minors represented in this proceeding — designated in the trust deed, will be entitled to enter and have the property free from any encumbrance attempted to be created by the tenant for life. Such being the case, and the verdict of the jury as to the facts being supported by the evidence, the judgment of the court below is

*Affirmed. All the Justices concurring.*