### 58707. CRYMES et al. v. CRYMES.

SHULMAN, Judge.

Plaintiff, claiming to be the owner of certain property, sought a writ of possession for the property and reasonable rental from the defendants, as tenants at sufferance, for the use of such property. The issue was joined by defendants in responsive pleadings which generally raised the defenses of no landlord-tenant relationship and a parol gift to the corporate defendant of land upon which the corporate defendant made valuable improvements. See *Sharpton v. Givens,* 209 Ga. 868 (1) (76 SE2d 806). Defendants appeal the grant of plaintiff's motion for partial summary judgment, wherein the court held as a matter of law that plaintiff was entitled to a writ of immediate possession. We reverse.

1. Since the corporate defendant raised the issue of ownership of the property in its pleadings, which

pleadings were not "pierced" by the plaintiff (plaintiff's affidavit averring that no gift was made was merely conclusory and without probative value; see *Blanchard, Humber & Co. v. Hagan Gas &c. Co.,* 26 Ga. App. 538 (106 SE 604); *Standard Oil Co. v. Harris,* 120 Ga. App. 768 (6) (172 SE2d 344); cf. generally *Allen v. Allen,* 151 Ga. 278 (1, 2) (106 SE 81)), the court improperly decided as a matter of law the question of ownership. See *Guthrie v. Monumental Properties, Inc.,* 141 Ga. App. 21 (2) (232 SE2d 369). It follows, then, that the plaintiff's motion for partial summary judgment should not have been granted.

Contrary to appellee's contentions, it was not incumbent upon defendants to set forth specific facts establishing their defenses or claims against plaintiff. Since defendants' pleadings gave fair notice of their statements of claims, the fact that defendants may have pled their claims in a conclusory and general form does not render their pleadings insufficient to raise the issue. It is immaterial whether an allegation is one of fact or conclusion if the response effectively states an issuable defense. Cf. *Guthrie,* supra, p. 23.

2. The issue of the denial of corporate defendant's motion to disburse funds previously paid into the court registry and the issue of the court's requirement that defendants continue to pay rent pending the outcome of this appeal concern matters which are interlocutory in their nature and which present nothing for review at this time. *Wall v. T. J. B. Services,* 141 Ga. App. 437 (233 SE2d 810).

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

Submitted October 3, 1979 — Decided December 3, 1979 — Rehearing denied December 20, 1979 —

*James E. Thompson, Alan R. Peters,* for appellants. *Joseph N. Cheeley,* for appellee.