## 64407. MERRITT v. CITIZENS TRUST BANK.

SOGNIER, Judge.

Wesley Merritt, as donor and beneficiary of the Wesley Merritt Revocable Trust (Merritt Trust) filed a complaint against Citizens Trust Bank (Citizens Trust), in its individual corporate capacity and as trustee of the Merritt Trust, alleging that Citizens Trust had, inter alia, breached its fiduciary duty as trustee by allowing the corpus of the trust to go into foreclosure. Citizens Trust answered and filed a motion to dismiss or motion for judgment on the pleadings denying the existence of the trust. Citizens Trust also filed a counterclaim alleging that Merritt was indebted to the bank on the basis of a promissory note executed on July 16, 1971, and payable to the bank in the amount of $35,434.05. Merritt filed a motion for partial summary judgment on the issue of the existence of the trust and a motion to dismiss the counterclaim as being barred by the statute of limitation. The trial court granted Citizens Trust's motion, and denied Merritt's motion for partial summary judgment and motion to dismiss his counterclaim. Merritt appeals.

1. Appellant contends that the trial court erred in granting Citizens Trust's motion to dismiss or motion for judgment on the pleadings. In its order the trial court stated that it had carefully considered the briefs, affidavits and depositions submitted by the

parties in granting appellee's motion and denying appellant's motion for partial summary judgment. Since matters outside the pleadings were presented and considered by the trial court, Citizens Trust's motion to dismiss or for judgment on the pleadings was converted to a motion for summary judgment and will be treated as such by this court. Code Ann. § 81A-112(b) (now OCGA § 9-11-12(b)); *Johnson v. Allstate Ins. Co.,* 241 Ga. 234 (244 SE2d 851) (1978); *Williams v. Coca-Cola Co.,* 158 Ga. App. 139 (279 SE2d 261) (1981).

2. Appellant contends that a valid trust agreement was executed between Merritt and Citizens Trust on March 4, 1971, the corpus of the trust consisting of certain real estate entitled Seven Courts Apartments. The bank argues that Merritt never had title to the property and, therefore, could not have conveyed the property to Citizens Trust to create the trust. Merritt argues that Citizens Trust is estopped from denying the existence of the trust because of an earlier lawsuit brought by the bank in which appellee admitted the trust.

The prior lawsuit was filed in December, 1971 by Citizens Trust and sought equitable and declaratory relief with regard to its position as trustee for the property. The petition sought relief in the alternative and alleged certain facts pertinent to the creation of the Merritt Trust.

A close review of the 1971 petition and the instant record discloses that in 1966, Romm and Orkin entered into a limited partnership called the Seven Courts Apartments Limited for the purpose of operating the Seven Courts Apartments. Travelers Insurance Co. held a deed to secure debt on the property executed in July, 1967. Romm subsequently purchased the entire interest in the partnership. In January 1970, Romm and the partnership executed a second deed to secure debt in favor of Citizens Trust in exchange for the sum of $330,000. On the same day the Seven Courts partnership conveyed the property to Romm by warranty deed. Romm then entered into a trust agreement with Citizens Trust, and executed a warranty deed to Citizens Trust conveying the Seven Courts property to the bank in trust for Romm's minor children.

On February 11, 1971 Romm filed an affidavit in the record book stating that the trust agreement entered in favor of his children was intended as additional security for the $330,000 loan and that he had intended that he was to be the true beneficiary of the trust. On the same day, Romm assigned all his right, title and interest in the trust agreement with Citizens Trust to Etheleen Nance and Sharon Merritt Owens, and executed warranty deeds in favor of Owens and Nance giving them each an undivided one-half interest in the Seven Courts property. Owens is Merritt's daughter and was his nominee.

Merritt had agreed to participate in the $330,000 loan to Romm by Citizens Trust in the amount of $150,000. The closing statement listed Romm as the seller and Nance and Citizens Trust *as trustee* for *Merritt* as buyers.

On March 4, 1971 Merritt entered into a trust agreement with Citizens Trust wherein Merritt was named donor. The trust agreement stated that "[d]onor has caused his nominee to transfer, set over, assign and convey, . . . the property [Seven Courts Apartments]" in trust for the benefit of the donor Merritt. On the same day, Owens executed a warranty deed to Citizens Trust as Trustee conveying "all that tract" of land known as Seven Courts Apartments subject to the provisions of the Romm trust. On April 21, 1971 Nance executed a warranty deed to Sharon Merritt (Owens) conveying an undivided 22.5% interest in Seven Courts. On May 24, 1971 Nance executed a quitclaim deed conveying any and all interest she had in the Seven Courts property to Citizens Trust.

Citizens Trust now contends that it had no fiduciary duty as trustee for the Merritt Trust because as a matter of law a valid trust never existed in favor of Merritt. Appellee contends that neither Merritt nor his nominees had any valid title to convey to Citizens Trust as trustee. The record discloses, and Citizens Trust admits, that Merritt's nominees, Owens and Nance, responded to his request to convey the property in trust for him to Citizens Trust. Merritt shows and Citizens Trust does not dispute that Nance and Owens conveyed the trust corpus to Citizens Trust for the purpose of creating a trust on behalf of Merritt. We do not have copies of the deeds in the record; however, Citizens Trust recites in the 1971 complaint that the instruments conveyed interest *in trust* to the bank. Citizens Trust accepted the trust as trustee and, thereafter, may not disclaim its trusteeship. Code Ann. § 108-313 (now OCGA § 53-13-1). *New South B. & L. Assn. v. Gann,* 101 Ga. 678, 681 (29 SE 15) (1897). The trust agreement recites the transfer of the corpus to Citizens Trust by Merritt's nominee, the acceptance of the trust by Citizens Trust and the consent to the trust by Owens. Any remainder interest of the trust was to be turned over to Merritt's estate upon his death. All the requisites of a valid trust are present: a declaration of the trust, property to which the trust pertains, a trustee, beneficiary, terms or purpose, and remainder interest. *Springer v. Cox,* 221 Ga. 673 (146 SE2d 753) (1966). *Lummus &c. Co. v. Fidelity &c. Assn.,* 141 Ga. App. 831, 833 (234 SE2d 671) (1977).

We think a factual question remains, however, regarding the effect of the original trust created by Romm for his children. Whether or not his attempted revocation was effective cannot be determined from the record. Giving appellant the benefit of all favorable

inferences as we must on summary judgment, we must conclude that there are unresolved issues of fact remaining and that summary judgment was incorrectly granted in favor of Citizens Trust. *Ga. Health Care v. Loeb,* 151 Ga. App. 350 (259 SE2d 734) (1979).

3. Appellant contends that the trial court erred in failing to grant its motion for partial summary judgment on the issue of the creation of the trust. In view of what we have said in Division 1 of this opinion regarding the creation of the Merritt trust, we find that factual issues remain which preclude summary judgment in favor of Merritt on this issue.

Romm created a trust in favor of his minor children in 1970. Despite the fact that Romm disavowed this trust arrangement by affidavit and there is nothing in the record to indicate that the Romm beneficiaries claim any interest under the original trust, we cannot hold as a matter of law that when the Merritt Trust was created clear title could be conveyed to the trustee. The issue of ownership of the property for purposes of conveying the property to appellee cannot be decided as a matter of law based on the record in the instant case. *Crymes v. Crymes,* 152 Ga. App. 844 (264 SE2d 275) (1979).

4. Pursuant to Code Ann. § 81A-134 (c) (now OCGA 9-11-34 (c)), Merritt attempted to subpoena the records of the law firm of Gambrell, Russell & Mobley regarding the real estate transactions involving the transfer of Seven Courts Apartments from Romm to Nance and Citizens Trust. Gambrell, Russell & Mobley filed objections to producing the documents based on their attorney/client privilege. The non-party objectors also stated that the subpoena lacked particularity and included the "work product" of the attorneys. Merritt's motion to compel discovery was denied.

Gambrell & Mobley (predecessor to Gambrell, Russell & Mobley) was employed by Joel Stokes, Trust Officer of the Citizens Trust Bank who prepared the Merritt Trust. Stokes' affidavit states that Gambrell & Mobley was employed by Stokes and paid by Merritt to handle the transaction. Gambrell, Russell & Mobley does not indicate as objector who they represented in the transaction. Nor was the discovery designed to produce documentary evidence that an opposing *party* intended to introduce at trial. See *E. H. Siler Realty &c. Broker v. Sanderlin,* 158 Ga. App. 796, 798 (282 SE2d 381) (1981). Under the circumstances we find their objections to the discovery without merit. The trial court erred in quashing the subpoena. The documents were within the scope of discovery permitted by Code Ann. § 81A-134(a) (now OCGA § 9-11-34(a)) and should have been produced.

5. Finally, appellant contends that the trial court erred in failing to dismiss appellee's counterclaim on the promissory note.

Merritt contends that the note made July 16, 1971, was not under seal, and suit was barred by the statute of limitations. The note clearly shows on its face that it was "given under the hand and seal of each party" and was followed by signatures under seal. Thus appellee's counterclaim was not barred by the statute of limitations. Code Ann. § 3-703 (now OCGA § 9-3-23); *Hixon v. Woodall,* 246 Ga. 758 (272 SE2d 727) (1980). It was not error for the trial court to deny Merritt's motion to dismiss.

*Judgment reversed in part; affirmed in part. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 24, 1982 —
REHEARING DENIED DECEMBER 8, 1982 — ▮▮▮▮▮▮▮▮

*Joel Y. Moss,* for appellant.
*Everette L. Doffermyre, Jr., William B. Gunter,* for appellee.