A99A2014. JACOBS et al. v. LITTLETON.
A99A2015, A99A2016. JACOBS v. CITY OF WAYCROSS et al.
(two cases).
(525 SE2d 433)

BLACKBURN, Presiding Judge.

These related appeals arise out of the arrest of Sherry Kay Jacobs and Daniel Dixon Jacobs by Mary E. Littleton, a police officer for the City of Waycross. Sherry Jacobs appeals the grant of summary judgment to Mary Littleton in Case No. A99A2014, and the Jacobses appeal the grant of summary judgment to the City Defendants[1] in Case Nos. A99A2015 and A99A2016 on their claims for personal injuries suffered in the arrest.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewing the evidence, the record shows that on September 12, 1995, Mary Littleton was an employee of the Waycross Police Department. On that evening, Officer Littleton was involved in the arrest of the Jacobses following an incident at a school board meeting. An altercation ensued, during which Littleton and the Jacobses allegedly suffered injuries. Two lawsuits arose out of these events.

### Case No. A99A2014

In the first lawsuit, Officer Littleton filed suit against the Jacobses to recover for her personal injuries. The Jacobses answered on February 1, 1996, and Sherry Jacobs counterclaimed for her per-

---

[1] The City of Waycross, Waycross Police Department, Mary E. Littleton, John Daniel Hampton, Jr., Officer D. Cameron, Natalie Gallman Norris, Lisa O'Berry, Officer Middleton, and Detective Laurence Etheridge, collectively "the City Defendants."

sonal injuries. In February 1997, Littleton filed a motion for summary judgment on Sherry Jacobs' counterclaim. In March 1998, while Littleton's motion for summary judgment was pending, the Jacobses filed an amendment to the counterclaim which asserted a claim for abusive litigation, OCGA § 51-7-80 et seq., and a claim for Daniel Jacobs' personal injuries. In April 1998, the trial court granted Littleton's motion for summary judgment.

In July 1998, Littleton filed a second motion for summary judgment on the amended counterclaim. On January 8, 1999, the trial court granted that motion as well, finding that the amendment to the counterclaim was in fact a compulsory counterclaim which Daniel Jacobs had not timely filed. In addition, the trial court determined that any claims asserted by Sherry Jacobs were previously dismissed by the prior order granting summary judgment.

1. In Sherry Jacobs' sole enumeration of error she contends that the trial court erred in granting summary judgment on the abusive litigation claim set forth in her amended counterclaim.[2] However, an action for abusive litigation pursuant to OCGA § 51-7-80 et seq. cannot be brought until after the final termination of the proceeding. OCGA § 51-7-84 (b). Here, Jacobs' assertion of the action in her counterclaim was premature since it was brought before the termination of Littleton's action, so the grant of summary judgment was improper. See *Stocks v. Glover*, 220 Ga. App. 557, 559 (2) (469 SE2d 677) (1996) (premature filing of abusive litigation claim is properly dismissed). The January 8, 1999 order of the trial court is hereby vacated only with respect to the grant of summary judgment to Littleton on the abusive litigation claim asserted by Sherry Jacobs, and that claim is dismissed without prejudice.

2. Littleton's motion to dismiss Sherry Jacobs' appeal is denied. See OCGA § 5-6-34 (a) (1).

*Case Nos. A99A2015 and A99A2016*

In the second lawsuit arising out of the Jacobses' arrest, the Jacobses filed suit on September 12, 1997, against the City of Waycross, the Waycross Police Department and various individual city employees, including Mary Littleton (City Defendants). The suit asserted claims of: (1) negligence in the performance of an arrest and the subsequent investigation and report; (2) negligence in protecting prisoners and providing medical care; (3) negligence in the securing of evidence; (4) false arrest; (5) false swearing; (6) false charges; (7)

---

[2] Daniel Jacobs has not appealed the dismissal of his counterclaim. Sherry Jacobs has not enumerated any error with respect to the April 1998 order granting summary judgment to Littleton. Court of Appeals Rule 22 (d).

false evidence; and (8) use of excessive force.

The trial court granted summary judgment to the City Defendants, finding that the Jacobses' claims were barred because the Jacobses failed to provide ante litem notice as required by OCGA § 36-33-5. In addition, the trial court found the claims were barred because they should have been raised as compulsory counterclaims in the suit previously brought by Littleton.

3. (a) The Jacobses contend that the trial court erred by granting summary judgment to the individual city employee defendants based on a failure to give ante litem notice. We agree that ante litem notice is not required. OCGA § 36-33-5 (a) provides:

> No person, firm, or corporation having a claim for money damages against *any municipal corporation* on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in subsection (b) of this Code section.

(Emphasis supplied.) OCGA § 36-33-5 is in derogation of the common law and must be strictly construed. *Hicks v. City of Atlanta*, 154 Ga. App. 809 (270 SE2d 58) (1980). The statute requires notice only if the claim is against the municipality; it does not require ante litem notice to individual employees of a municipality. Thus, although the trial court properly granted summary judgment to the City of Waycross and the Waycross Police Department due to the Jacobses' failure to provide ante litem notice, it improperly granted summary judgment to the individual city employee defendants on this ground.[3] Accord *Whipple v. City of Cordele*, 231 Ga. App. 274, 275 (2) (499 SE2d 113) (1998); *Brown v. City of Chamblee*, 211 Ga. App. 145, 148 (2) (438 SE2d 396) (1993).

(b) In Case No. A99A2016, Sherry Jacobs contends that her mental incapacity suspended the period for the ante litem notice to the City of Waycross and the Waycross Police Department. Sherry Jacobs averred by affidavit that, due to brain surgery in 1985, she was "partially functioning" when her claims accrued, thus triggering the provisions of OCGA § 9-3-90:

> Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time

---

[3] However, a claim against a *state* employee under the Georgia Tort Claims Act is subject to dismissal for failure to give ante litem notice. *Horton v. Whitaker*, 238 Ga. App. 312 (518 SE2d 712) (1999).

after their disability is removed to bring an action as is prescribed for other persons.

If Sherry Jacobs was mentally incompetent within the meaning of the statute, the ante litem period would be tolled. *Lowe v. Pue*, 150 Ga. App. 234 (257 SE2d 209) (1979). The test to be applied is whether the one claiming the disability has such "unsoundness of mind or imbecility as to incapacitate one from managing the ordinary business of life." (Punctuation omitted.) Id. The trial court can determine as a matter of law that the tolling statute does not apply. *Hickey v. Askren*, 198 Ga. App. 718 (403 SE2d 225) (1991), cert. denied, 198 Ga. App. 898.

The burden was on Sherry Jacobs to prove the incapacity which she alleged tolled the running of the statute, and her self-serving affidavit does not suffice. *Foster v. Cohen*, 203 Ga. App. 434, 436 (1) (417 SE2d 61) (1992). Although Sherry Jacobs averred mental incapacity, her own deposition testimony rebuts that she was incapable of managing her day-to-day affairs. See *Charter Peachford Behavioral Health System v. Kohout*, 233 Ga. App. 452, 460 (d) (504 SE2d 514) (1998). Sherry Jacobs testified that, following her brain surgery in 1985, she was not treated by any mental health professionals and that her only physical limitation was an inability to run. Moreover, she was employed as a receptionist in an office and later in a store during this period. Sherry Jacobs' deposition testimony did not establish her mental incapacity. Accordingly, under the facts of this case, the trial court did not err by finding the tolling statute was not triggered and by granting summary judgment to the City of Waycross and the Waycross Police Department based on Sherry Jacobs' failure to give ante litem notice.

4. The trial court erroneously determined that all the Jacobses' claims were compulsory counterclaims in the suit filed by Officer Littleton, and, therefore, the grant of summary judgment to all the City Defendants on this basis was improper.

OCGA § 9-11-13 (a) provides:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

A claim arises out of the same transaction or occurrence if there exists a logical connection between the claims of the parties. *Aycock v. Calk*, 228 Ga. App. 172 (491 SE2d 383) (1997); *Myers v. United Svcs.*

*Auto. Assn.*, 130 Ga. App. 357 (203 SE2d 304) (1973). The Jacobses' claims against Officer Littleton, which arose out of their arrest and related proceedings, were logically connected to the suit filed against the Jacobses by Officer Littleton. Thus, the Jacobses had a compulsory counterclaim against Officer Littleton under OCGA § 9-11-13 (a), which they instead asserted in an independent action against Littleton, the City of Waycross and the other City Defendants. Having failed to assert that compulsory counterclaim, the Jacobses are estopped from asserting the claim against Officer Littleton. *Aycock*, supra.

With regard to the City of Waycross and the other City Defendants who were not parties to the suit by Littleton, under OCGA § 9-11-13 (h), the Jacobses could have asked the trial court to add them as additional parties in the counterclaim. However, the trial court had the discretion to deny adding the parties. Thus, since the City of Waycross and other City Defendants were not parties to the suit filed by Littleton, estoppel does not apply. Id.

Summary judgment as to the claim against Officer Littleton is affirmed. Summary judgment as to the claim against the other individual city employee defendants is reversed. While the trial court's grant of summary judgment to the City of Waycross and the Waycross Police Department on this ground was improper and is reversed, our holding in Division 3 renders this error moot.

*Judgment affirmed in part and vacated in part in Case No. A99A2014. Judgments affirmed in part and reversed in part in Case Nos. A99A2015 and A99A2016. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 18, 1999 —
RECONSIDERATION DENIED DECEMBER 13, 1999.

*George L. Hoyt, Jr.*, for appellants.
Daniel D. Jacobs, *pro se.*
Sherry K. Jacobs, *pro se.*
*Helms & Helms, Jack J. Helms, Jr.*, for appellees.