## A99A1998. WALKER v. BRANNAN.
(533 SE2d 129)

SMITH, Judge.

In this case, we must consider whether a plaintiff may avoid the consequences of failing to file within the applicable statute of limitation through a belated assertion that the statute was tolled by mental incapacity. Here, the plaintiff's contention by affidavit that she suffered from an unspecified, debilitating mental condition lasting either 20 or 28 days[1] is in direct contradiction to her deposition testimony, and the trial court did not err in refusing to toll the statute.

---

[14] *State v. Lord*, supra, 236 Ga. App. at 870.
[1] The length of Walker's purported disability varies depending upon whether we consult Walker's affidavit or her counsel's later amendment to her complaint.

On October 12, 1998, Sheila Walker filed suit against Lean Brannan for injuries sustained on September 30, 1996, in an automobile accident. After discovery, including Walker's deposition,[2] Brannan moved for judgment on the pleadings on the ground that the statute of limitation had expired. In response, Walker submitted an affidavit that she was mentally incapacitated for 20 days following the accident.[3] In her brief in response to Brannan's motion, she contended that the statute of limitation was tolled for legal incompetence under OCGA §§ 9-3-90 and 9-3-91, thus saving her action. She subsequently amended her complaint to include the claim that she was mentally incapacitated for 28 days.

The trial court granted Brannan's motion for judgment on the pleadings,[4] concluding that Walker's affidavit contradicted her deposition testimony and that Walker gave no reasonable explanation for the "gross contradictions in her deposition and affidavit." Walker appeals, contending that her deposition testimony is not contradictory. We disagree.

OCGA § 9-3-90 (a) provides:

> Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons.

OCGA § 9-3-91 provides that a disability not caused by the party and suffered after a right of action has accrued shall toll the applicable limitation "during the continuance of the disability."

Decisions construing the tolling statute make plain that the application of the law is confined "to situations where it is not fair to charge a suitor with the running of the clock, because of his mental condition." *Chapman v. Burks*, 183 Ga. App. 103, 105 (1) (357 SE2d 832) (1987). While a plaintiff need not be so mentally incompetent that he should be confined, or require a guardian, he must be "so mentally incompetent (non compos mentis or insane), so unsound in mind, or so imbecile in intellect, that he could not manage his ordinary affairs of life." (Punctuation omitted.) Id. The test for mental

---

[2] Walker's deposition was a continuation of her deposition in an earlier action brought by her as next friend on behalf of her children.

[3] Although the accident occurred on September 30, her alleged disability inexplicably began on October 9 and ended on October 28.

[4] Because the trial court considered matters outside the pleadings, including Walker's affidavit and deposition, we will treat this as a grant of summary judgment. OCGA § 9-11-12 (c); *Merritt v. Citizens Trust Bank*, 164 Ga. App. 716, 717 (1) (298 SE2d 264) (1982). We note that both Walker and the trial court applied a summary judgment standard below.

incapacity is not whether one has merely mismanaged his affairs or was merely unclear in his mind or not bright. Rather "[t]he test is one of capacity — whether the individual, being of unsound mind, could not manage the ordinary affairs of his life." (Citation and punctuation omitted.) Id.

In reviewing the trial court's decision, we note that the trial court can determine as a matter of law that the tolling statute does not apply. *Jacobs v. Littleton*, 241 Ga. App. 403, 406 (3) (525 SE2d 433) (1999). Moreover, the burden was on Walker "to prove the incapacity which she alleged tolled the running of the statute, and her self-serving affidavit does not suffice. [Cit.]" Id. In *Jacobs*, the plaintiff actually suffered a head injury and underwent brain surgery, but her self-serving affidavit did not establish a tolling of the statute. The same is true for Walker.

It is well established that on summary judgment a party's self-contradictory testimony, if unexplained, must be construed against the party-witness, even when the party-witness is the respondent rather than the movant. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). In *Chapman*, supra, we found no contradiction between the plaintiff's deposition and her affidavit. On both occasions, she testified in considerable detail to her mental agony due to the great pain she was experiencing.

But Walker's testimony in her deposition is substantially in conflict with her later, self-serving affidavit. In her deposition, Walker was asked numerous questions regarding the extent of her injuries. While she was never asked specifically about any mental incompetence or incapacity, she was asked a series of questions regarding the extent of her injuries due to the collision. The questions were not limited in any way to her physical condition, and she responded that she did not have any "serious thing, just muscle spasm" and some pain in her lower back. This testimony directly and inexplicably contradicts the statements in her later affidavit testifying to being "seriously injured," and to having profound, overwhelming, and persistent injuries allegedly due to the collision.

In addition, Walker's own deposition plainly demonstrates that she was able to manage her ordinary affairs of life during the period immediately following the automobile collision. In her deposition, Walker testified that she was able to get out of her car without assistance, and she testified at some length to events she observed after the accident. She testified that "the police and everything was just questioning me about the accident" and that a state trooper interviewed her at the hospital, where she was *not* admitted. She also testified that "we" made an attempt to take photographs of the other driver's vehicle the day after the collision, but that effort was unsuccessful because the other driver's insurer removed it "the next day."

She added that, in connection with these efforts, *she had already called an attorney to represent her.*

Walker testified that she was not admitted to the hospital and that she was able to speak with investigating officers, participate in efforts to photograph evidence, and personally call an attorney to represent her. She specifically denied having any "serious thing." And yet in her affidavit, submitted only after Brannan's motion was filed, Walker belatedly claimed:

> At the time of the accident, I was seriously injured. From October 9, 1996 to October 28, 1996, I was at home and was not able to handle my normal daily activities. During the said aforesaid period of time, I was totally mentally incapacitated during this time. I stayed in bed because of excruciating pain and I was not able to conduct my ordinary affairs of life. I was unable to care for myself and was not aware of the goings on around me. I was in severe pain and I did not have a mental understanding of my surroundings. I was totally mentally incapacitated for 20 days. My mental incapacitation was not voluntary [sic] caused by me. It was beyond my control. I was delirious and could not communicate intelligently with my surroundings. In summary, during the aforesaid period of time, I was totally mentally incapacitated.

She has offered no explanation for the contradictions between her deposition and the sweeping assertions in her affidavit that she was totally mentally incapacitated "[a]t the time of the accident." The record contains not one scintilla of medical evidence to document this belated and self-contradictory claim of mental incapacitation. Walker has not only failed to meet her burden of showing incapacity tolling the statute, she has failed to meet the burden imposed on her under *Prophecy,* supra.

The trial court was eminently correct in its assessment that these unexplained contradictions must be construed against Walker. The dissent asserts that this is a credibility issue and cannot be decided by this court. But construing such contradictions against the person making them is the very purpose of a *Prophecy* analysis. To hold otherwise would lead to the absurd result that any plaintiff may extend the statute of limitation by means of a belated and conclusory self-serving affidavit contradicting the plain import of existing deposition testimony.

OCGA § 9-3-90 serves the legitimate and laudable purpose of protecting those who are in fact legally incompetent because of mental illness or disability. But OCGA § 9-3-33 and other statutes of limitation also serve the legitimate public policy goal of promoting

justice and furthering the certainty of time limitations while preventing unfair surprise. *Smith v. Cobb County-Kennestone Hosp. Auth.*, 262 Ga. 566, 572 (2) (423 SE2d 235) (1992). It would require suspension of the rules of logic to believe that Walker could call an attorney to represent her and make efforts to obtain photographs during the time she supposedly was also delirious, unable to communicate, and totally mentally incapacitated. The scope of the tolling statute is not sufficiently broad to allow belated and contradictory affidavits circumventing the plain language of the statute of limitation. The trial court did not err in finding that the tolling statute was not triggered, and summary judgment in favor of Brannan was appropriate.

*Judgment affirmed. Pope, P. J., Andrews, P. J., Blackburn, P. J., Ruffin and Ellington, JJ., concur. Miller, J., dissents.*

MILLER, Judge, dissenting.

I respectfully dissent from the judgment of affirmance because, in my view, this is not a proper case to apply the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*[1] Walker's initial testimony describing only her physical injuries as a result of the accident does not assert the opposite of her affidavit claiming subsequent mental incapacitation. Although Walker testified to events that occurred the day after the September 30 accident, there is no evidence presented in either the deposition or the affidavit that during the period of time from October 9 to October 28 she did in fact manage her day-to-day affairs which would demonstrate the opposite of the affidavit.[2] Walker only testified that she was out of work for 30 days, without further explanation. Furthermore, I find no authority mandating a physician's affidavit to support the plaintiff's claim of mental incapacitation.

The purpose of a deposition is to provide information in response to questions; the deponent is not obligated to answer unasked questions or spontaneously provide a complete narrative of events. Therefore, Walker was not required to provide information about her mental capacity unless asked. I cannot categorize her statements describing her physical injuries as being in conflict with a claim of mental incapacitation. Although the timeliness of the affidavit may create doubt as to the validity of Walker's claim, that credibility determination is not for this court to make. Even if the combination

---

[1] 256 Ga. 27 (343 SE2d 680) (1986).

[2] Compare *Jacobs v. Littleton*, 241 Ga. App. 403, 405-406 (3) (b) (525 SE2d 433) (1999). The proposition in *Jacobs* that the trial court can determine as a matter of law that the tolling statute, OCGA § 9-3-90, does not apply is based on *Hickey v. Askren*, 198 Ga. App. 718 (403 SE2d 225) (1991). *Hickey* itself is a proper application of *Prophecy*'s rule because that plaintiff's affidavit of mental capacity was rebutted by her deposition testimony. 198 Ga. App. at 722 (4). Because there is no such contradiction in this case, *Jacobs* is inapplicable.

of the affidavit and the deposition renders Walker's proof of mental incapacity equivocal and casts doubt on her credibility, "still, on a motion for summary judgment, we can not hold that there is no material issue of fact[, and] credibility cannot be resolved on [a motion for] summary judgment."[3] We are constrained to follow the guidelines of summary judgment, and

> [w]here the facts are in doubt or dispute, the question of whether or not a cause of action is barred by the statute of limitation is one of fact to be determined by the trier of fact. Ordinarily the question of mental capacity is one of fact to be determined by a jury.[4]

Although the trial court can determine that the tolling statute does not apply as a matter of law, this is only after a contradiction has been identified and the party fails to offer a reasonable explanation.[5] Because the deposition and affidavit are not contradictory, *Prophecy* does not apply, and the trial court erred in excluding Walker's evidence of mental incapacity. And because Walker's affidavit is sufficient, the question of whether the action is barred by the statute of limitation should remain for the trier of fact as does the question of mental capacity.[6]

For these reasons, I respectfully dissent.

DECIDED MARCH 29, 2000.

*Charles E. Muskett,* for appellant.
*Beck, Owen & Murray, Samuel A. Murray,* for appellee.

---

[3] (Citations and punctuation omitted.) *Tri-Cities Hosp. Auth. v. Sheats,* 156 Ga. App. 28, 32 (273 SE2d 903) (1980), aff'd, 247 Ga. 713 (279 SE2d 210) (1981). " 'In a summary judgment case this court cannot consider the credibility of a witness or his affidavit concerning his state of mind or intention[; and where his statement in relation thereto conflicts with other strong evidence to the contrary, a jury must decide the credibility question and resolve any remaining conflict.' " 156 Ga. App. at 32.

[4] (Citations and punctuation omitted.) *Chapman v. Burks,* 183 Ga. App. 103, 107 (2) (357 SE2d 832) (1987).

[5] See *Jacobs,* supra, 241 Ga. App. at 406 (3) (b); *Hickey,* supra, 198 Ga. App. at 722 (4).

[6] See *Chapman,* supra, 183 Ga. App. at 107 (2).