A92A1136. HARDEN v. BURDETTE et al.
(420 SE2d 626)

McMURRAY, Presiding Judge.

At about 11:40 p.m. on April 18, 1990, while responding to an emergency police call, Union City Police Officer Michael Anthony

Burdette collided into a vehicle operated by Rita Harden. Harden sued Union City and Burdette, alleging she was injured as a result of Burdette's negligent operation of the police vehicle. Burdette and Union City asserted the defense of sovereign immunity and filed a motion for summary judgment. Plaintiff amended her complaint, alleging Union City created and maintained a nuisance by "using police officers or other drivers in emergency situations who have not undergone basic emergency vehicle training. . . ." Plaintiff then filed a motion for partial summary judgment on the issue of Burdette's negligent operation of the police vehicle. Burdette and Union City filed a "SECOND AND/OR AMENDED MOTION FOR SUMMARY JUDGMENT" on plaintiff's nuisance claim.

It is undisputed that Union City and Burdette are covered under the Georgia Interlocal Risk Management Agency ("GIRMA"), a group self-insurance fund created pursuant to OCGA § 36-85-1 et seq. The GIRMA policy provides a general limit of liability of $1,000,000.

The trial court granted summary judgment to Union City and Burdette based on the doctrine of sovereign immunity, rejecting Harden's claim that sovereign immunity is waived to the extent of GIRMA coverage. The trial court denied Harden's motion for partial summary judgment and did not rule on the summary judgment motion attacking Harden's nuisance claim. This appeal followed. *Held*:

1. In her first and third enumerations, Harden contends the trial court erred in granting summary judgment to Union City and Burdette based on the doctrine of sovereign immunity. She argues that sovereign immunity is waived to the extent of coverage under Union City's GIRMA policy and that the non-waiver of immunity provision of OCGA § 36-85-20 is unconstitutional.

In *Hiers v. City of Barwick*, 262 Ga. 129, 130 (2) (414 SE2d 647), the Supreme Court held that the constitutional provision providing waiver of immunity to the extent of insurance, Art. I, Sec. II, Par. IX of the Constitution of Georgia of 1983 (prior to the 1991 amendment), applies to municipalities; that the non-waiver of immunity provision of OCGA § 36-85-20 is unconstitutional and that municipal coverage under a GIRMA policy results in waiver of immunity to the extent of said coverage. Id. at Divisions 2 and 3. Notwithstanding, Union City and Burdette contend *Hiers* is distinguishable from the case sub judice because Union City's GIRMA policy provides coverage only "by reason of the liability imposed upon the Member by law. . . ." It is argued that this language specifically excludes coverage for any claim under the policy where sovereign immunity could be asserted as a defense to liability in the absence of insurance. This logic is circularly skewed, providing no basis of distinction from *Hiers*. For example, if coverage under Union City's GIRMA policy exists only for "liability imposed upon the Member by law," then it can just as easily be

reasoned that coverage in the case sub judice attaches because the law provides for a waiver of sovereign immunity to the extent of coverage under Union City's GIRMA policy.

Union City and Burdette also contend that *Hiers* should be "re-examined and overruled" because voting patterns of the Supreme Court indicate that "four justices now on the Supreme Court . . . differ with the *Hiers'* majority. . . ." These contentions present nothing for review. The Court of Appeals of the State of Georgia is without authority to overrule or second guess decisions of the Supreme Court of Georgia. The Supreme Court's decision in *Hiers v. City of Barwick*, 262 Ga. 129, supra, is controlling in the case sub judice and must be followed. Consequently, the trial court erred in granting summary judgment to Union City and Burdette based on the doctrine of sovereign immunity.

2. Harden contends Burdette's private automobile insurance coverage constitutes a waiver of sovereign immunity to the extent of said coverage; that settlement of her property claims with Burdette's knowledge constitutes a waiver of sovereign immunity; that sovereign immunity does not attach because Burdette's alleged negligent acts were ministerial rather than discretionary and that Burdette cannot rely on sovereign immunity as a defense because his conduct in operating the police vehicle was willful, malicious or involved reckless disregard for the safety of others. It is unnecessary to address these arguments in light of our holding in Division 1 of this opinion. See *Hiers v. City of Barwick*, 262 Ga. 129, 132 (3), supra.

3. Harden contends the trial court erred in granting summary judgment to Union City and Burdette, arguing her injuries "resulted from a nuisance for which there is no immunity." Issues on summary judgment not passed on by the trial court will not be considered on appeal. *Devins v. Leafmore Forest Condo. Assoc. &c.*, 200 Ga. App. 158, 159 (3) (407 SE2d 76). In the case sub judice, the trial court did not pass on Burdette's and Union City's motion for summary judgment on Harden's nuisance claim. Consequently, this contention presents nothing for review.

4. Harden contends she is entitled to partial summary judgment on the issue of negligence because undisputed evidence shows that Burdette was not sounding a siren at the time of the collision in violation of OCGA § 40-6-74 (a) and that Burdette then crossed the centerline of the highway in violation of OCGA § 40-6-40.

" 'A violation of the Uniform Rules of the Road prima facie establishes negligence per se in the absence of a valid defense. *Johnson v. McAfee*, 151 Ga. App. 774 (2) (261 SE2d 708) (1979). "(T)he burden then shifts to the defendant to show that the violation was unintentional and in the exercise of ordinary care. (Cits.)" *Williams v. Calhoun*, 175 Ga. App. 332, 333-34 (333 SE2d 408) (1985).' *Cox v.*

*Cantrell*, 181 Ga. App. 722, 724 (5) (353 SE2d 582)." *Arnold v. Arnold*, 197 Ga. App. 103, 106 (3) (397 SE2d 724). In the case sub judice, Burdette gave deposition testimony that he was responding to an emergency police call at the time of the collision and that he had deactivated the siren immediately before the collision so as to stealthily approach the crime scene. Burdette also testified that he "thought [Harden] was over the [center]line . . ." of the road immediately before the collision and that after the collision he smelled alcohol on Harden's breath. This evidence raises genuine issues of material fact as to whether Burdette responded to the emergency call as any other similarly situated law enforcement officer. See *Walker v. Daniels*, 200 Ga. App. 150, 155 (2), 156 (407 SE2d 70). Further, evidence that the collision occurred immediately after Harden negotiated a curve in a "road [that] is not that wide" and evidence that Harden was not wearing a seat belt at the time of the collision raise genuine issues of material fact as to whether Burdette's alleged negligent operation of the patrol car was the proximate and *sole* cause of plaintiff's injuries. Consequently, the trial court did not err in failing to grant Harden's motion for partial summary judgment.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 30, 1992.

Robert M. Goldberg, Alan Z. Eisenstein, for appellant.
Dean, Brenskelle & Bowman, David P. Brenskelle, G. Gibson Dean II, for appellees.