A92A2224. BELL v. LEATHERWOOD et al.
(425 SE2d 679)

McMURRAY, Presiding Judge.

This case arose when a ten-speed bicycle, ridden by Zachary Leatherwood, a seven-year-old child, hit an automobile driven by Elbert Bell. The trial court denied Bell's motion for summary judgment, and we granted his application for interlocutory review.

Viewing the evidence most strongly against Bell, the moving party, and giving Zachary Leatherwood, the party opposing the motion, the benefit of all inferences that may fairly and reasonably be drawn from the record, as we are bound to do, *Vizzini v. Blonder*, 165 Ga. App. 840 (303 SE2d 38), we find the following: On September 13, 1989, at approximately 4:15 p.m., Zachary Leatherwood and his twin brother, Sidney, and sister, Whitney, were playing in the driveway of a friend's house. The friend, Philip Newman, was playing Four Square with Whitney while Zachary and Sidney admired Philip's three bicycles: a ten-speed equipped with hand brakes, a Huffy equipped with pedal brakes and a hand brake, and a BMX equipped with pedal brakes. Zachary was not familiar with hand brakes, and Philip told him that he could use the BMX but he was not to use the ten-speed. Nevertheless, when Philip went inside his house for a few minutes, Zachary rode the ten-speed bicycle down the driveway and onto Willow Point Trace, a cul de sac adjoining Willow Point Parkway.

At about that time, Bell was proceeding down Willow Point Parkway at the speed limit, 25 miles per hour. As he approached Willow Point Trace, Bell noticed children playing in the driveway. Out of caution, he moved to the center of the road. Then, out of the corner of his eye, Bell saw Zachary on the ten-speed bicycle. He moved more to the left, hoping to avoid being hit, but it was no use. Zachary and the ten-speed hit the right rear passenger door of Bell's automobile. Zachary was injured seriously. In his deposition, Bell deposed that he was unable to see Zachary coming down Willow Point Trace because a row of shrubs blocked his vision.

"As a general proposition issues of negligence, diligence, contributory negligence, proximate cause, and lack of ordinary care for one's own safety are not susceptible to summary adjudication but must be

generally resolved by a jury except in plain, palpable and indisputable cases where reasonable minds could not disagree. [Cits.]" *North v. Toco Hills, Inc.*, 160 Ga. App. 116, 119 (286 SE2d 346). We think this is just such a case.

"Negligence is not to be presumed, but is a matter for affirmative proof. [Cit.] In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence. [Cit.]" *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 368 (203 SE2d 587).

In *Neal v. Miller*, 194 Ga. App. 231 (390 SE2d 125), that plaintiff, a nine-year-old boy, rode his bicycle down a steep driveway. His view of oncoming traffic was obstructed by some trees that extended along the right side of the driveway. Nevertheless, he increased his speed about halfway down the driveway and collided with that defendant's automobile in the street. That defendant had been driving home when she saw a group of children in the street and slowed down and moved to the left side of the street. Just as that defendant was moving back to the right side of the street, the nine-year-old boy " 'shot out of the driveway' " on her left. She applied her brakes but was unable to avoid colliding with the nine-year-old boy. This Court found no affirmative proof of negligence and affirmed a directed verdict in defendant's favor.

In the case sub judice, as in *Neal v. Miller*, 194 Ga. App. 231, supra, we find no evidence of negligence on the part of defendant.

Defendant is entitled to judgment as a matter of law. The trial court erred in ruling otherwise.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED DECEMBER 1, 1992

*Chambers, Mabry, McClelland & Brooks, Douglas F. Aholt, Beth L. Singletary*, for appellant.
*Carlton R. Stewart*, for appellees.