A93A0728. CAGLE et al. v. AMEAGLE CONTRACTORS, INC.
(434 SE2d 546)

COOPER, Judge.

Appellants, Mr. and Mrs. Cagle and Mrs. Cagle on behalf of her incompetent adult son, filed a lawsuit against appellee to recover for injuries they received in a rear-end collision by appellee's truck. The trial court granted appellee's motion for a directed verdict at the conclusion of appellants' case, and this appeal followed.

At trial, appellants testified that while stopped at a red light, their pickup truck was struck in the rear by a Mack truck owned by appellee. Appellants were not able to say how the accident occurred, but Mr. Cagle testified that immediately prior to the collision he heard "brakes slamming." No other evidence was offered about how the collision occurred.

" 'Negligence is not to be presumed, but is a matter for affirmative proof. (Cit.) In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence. (Cit.)' [Cit.]" *Bell v. Leatherwood*, 206 Ga. App. 550, 551 (425 SE2d 679) (1992). "Rear-end collisions are no exception to the rule of law that there is no absolute duty upon the following driver to avoid a collision, so that where no more appears than that there has been such a collision, with no facts proven from which an inference of negligence can be drawn, the plaintiff has failed to carry the burden of proof. [Cit.]" *Robertson v. Jackson*, 123 Ga. App. 623 (181 SE2d 905) (1971). Howeveᵣ, "[t]he general rule is that where the plaintiff driver is forced by traffic or traffic lights ahead to slow or stop, and the defendant who hits the lead car contends that he was not guilty of negligence, the question is for the jury, but such evidence is in and of itself, sufficient to sustain the inference of negligence on the part of the defendant if the jury believes such to have been the fact, and if other evidence does not demand a contrary conclusion." *Robertson*, supra at 624. Moreover, "[a] directed verdict is authorized only when there

is no conflict in the evidence on any material issue and the evidence, with all reasonable deductions and construed in favor of the non-moving party, demands a certain verdict. OCGA § 9-11-50 (a); [Cits.]" *Moore v. American Suzuki Motor Corp.*, 203 Ga. App. 189 (1) (416 SE2d 807) (1992).

Mr. Cagle testified that, while stopped at the red light, he heard the sound of slamming brakes immediately prior to the collision. We conclude that this evidence, albeit slight, is sufficient to raise an inference of negligence on the part of appellee. Moreover, we believe that if the jury had been allowed to decide the issue of liability and returned a verdict in favor of appellants, the evidence would have sustained that verdict. Consequently, we hold that the trial court invaded the province of the jury in directing a verdict in favor of appellee. See *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25) (1976).

*Judgment reversed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JULY 13, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 —

*John L. Hammaker*, for appellants.
*D. Jeffrey Grate, Law Offices of Richard W. Littlefield, Jr., Mary Pappas*, for appellee.