A95A0189. CRENSHAW v. BRUMBY.
(457 SE2d 591)

JOHNSON, Judge.

Gwendolyn Crenshaw sued James Brumby for damages resulting from a rear-end automobile collision. Crenshaw appeals the trial court's grant of a directed verdict in Brumby's favor.

At trial, Crenshaw testified that she was driving in the center lane of I-285 at a speed of 60 mph when she heard a noise of unknown origin coming from her vehicle. She applied her brakes, activated her emergency blinkers, and slowed considerably as she attempted to move to the left emergency lane. She motioned to the car traveling immediately behind her and it drove around her. Before she could successfully leave the roadway, her vehicle was struck from behind. Crenshaw testified she did not see the car that hit her prior to the collision, but she placed her car and a vehicle described as the defendant's vehicle on a diagram of the accident scene. The remainder of Crenshaw's testimony related to damages, and upon this evidence counsel rested the plaintiff's case. Brumby moved the court to direct a verdict in his favor, which the trial court granted noting that Crenshaw had not identified who was driving the car which hit her or presented evidence establishing that Brumby had committed any act of negligence.

A directed verdict is authorized only when there is no conflict in the evidence on any material issue and the evidence, with all reasonable deductions and construed in favor of the non-moving party, demands a certain verdict. OCGA § 9-11-50 (a). "The general rule is that where the plaintiff driver is forced by traffic or traffic lights ahead [or mechanical problems] to slow or stop, and the defendant

who hits the lead car contends that he was not guilty of negligence, the question is for the jury, but such evidence is in and of itself, sufficient to sustain the inference of negligence on the part of the defendant if the jury believes such to have been the fact and if other evidence does not demand a contrary conclusion." (Punctuation omitted.) *Cagle v. Ameagle Contractors*, 209 Ga. App. 712 (434 SE2d 546) (1993). A driver has no right to assume that the road ahead is clear and has a duty to maintain a lookout for potential hazards. *Brown v. Shiver*, 183 Ga. App. 207, 208 (1) (358 SE2d 862) (1987). The issue of negligence was one for the jury.

With regard to the identification of Brumby as the driver of the car involved in the collision, Crenshaw pointed to a vehicle on a diagram in response to her attorney's request that she identify defendant's vehicle. While Crenshaw did not identify Brumby by name, he is the only defendant in this case, and a reasonable deduction in her favor, which must be drawn in accordance with the mandate of the directed verdict statute, is that the defendant at trial was Brumby, and that Brumby was the driver of the car she had previously identified as the defendant's. The trial court's conclusion that Crenshaw's failure to identify the driver as Brumby was fatal to her case was error.

Crenshaw's testimony that her car was hit after slowing in response to mechanical problems, and her identification of "defendant's vehicle" on a diagram, placing it both at the time of impact and after the accident was adequate to raise at least an inference of negligence on Brumby's part which would preclude a directed verdict. A jury should have been allowed to determine whether the evidence was sufficient to identify Brumby as the driver, as well as the ultimate issue of negligence. The trial court erred in directing a verdict in Brumby's favor.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 4, 1995.

*William Y. Barnes III, Freedman & Sinowski, Thomas C. Sinowski, Marc H. Bardack, Thomas E. Jordan,* for appellant.

*Cooper & Associates, Gary M. Cooper, Craig C. Avery,* for appellee.