## A95A2459. LAUFFER v. BROOKS.
(467 SE2d 345)

ANDREWS, Judge.

Brooks sued the John Doe driver of a vehicle left stalled in the middle of Interstate 85 and Lauffer, the driver of another car, claiming they jointly caused a multi-car accident in which he was injured. We granted Lauffer's application for an interlocutory appeal from the trial court's denial of his motion for summary judgment.

Brooks alleged in his complaint that "Defendant Lauffer and Defendant Doe, concurrently, operated their respective motor vehicles in a negligent or reckless manner on Interstate 85 (northbound) adjacent to the exit for Buford Highway, in Fulton County, Georgia, when Defendant Doe left a dark colored vehicle without lights or emergency flashers stalled in the middle of Interstate 85 at night so [as] to force the Plaintiff's car into an adjacent lane of travel in which a collision ensued between the Plaintiff's car and Defendant Lauffer's van." The record shows that Brooks was traveling north on Interstate 85 near the Buford Highway exit in Atlanta. At that point, Interstate 85 was composed of four lanes in each direction divided by a concrete barrier. To facilitate a description of the accident, the far left northbound lane will be referred to as lane 1, and the remaining three northbound lanes from left to right as lanes 2, 3 and 4.

Brooks testified in his deposition that he was traveling north in lane 2 at about 11:25 p.m. going about 55 to 60 mph. He unexpectedly came upon an automobile stalled in lane 2 with no lights, flashers or other warning signals. He testified that he did not see the stalled car until he was about one car length away from it. Brooks testified he immediately hit his right turn signal and swerved right into lane 3 to avoid hitting the stalled car. He did not recall if he had time to check on whether any car might have been behind him in lane 3 prior to swerving. He also testified that he looked in his rearview mirror as he swerved and did not see a car to his rear. Immediately after swerving into lane 3, Brooks hit his brakes to avoid hitting the rear of another car that was cutting in front of him from lane 4 into lane 3. Immediately upon swerving into lane 3 and hitting his brakes, Brooks testified he was hit in the rear. He testified that it all happened so quickly that he did not know what hit him.

An eyewitness to the accident was also deposed. In his deposition, O'Keefe testified that, just prior to the accident at issue as he was traveling north on Interstate 85, he screeched to a ·stop and barely avoided hitting the rear of the stalled vehicle in lane 2. After

another vehicle behind him swerved to avoid rear-ending him and crashed into the barrier dividing the northbound and southbound lanes of traffic, O'Keefe pulled his car into the emergency lane up against the concrete barrier just north of the stalled car. As he was standing behind his car, he saw Brooks traveling in lane 2 approaching the stalled car and Lauffer approaching in lane 3. He testified that, as Brooks approached the stalled car in lane 2, Brooks made a sudden lane change from lane 2 into lane 3 and "cut off the van [driven by Lauffer] with no room to spare." Although O'Keefe stated that he saw no attempt by Lauffer to stop or turn away when Brooks cut in front of him, he testified that, when Brooks swerved into lane 3, the distance between Brooks and Lauffer was "as close as two cars can come" and that they struck each other immediately after the abrupt lane change. He further testified that when the impact occurred, Lauffer tried to stop and started skidding sideways across lanes 3 and 4. O'Keefe also testified that the general flow of traffic at the time was approximately 70 mph and that Brooks appeared to be traveling with the flow of traffic. However, he stated he did not know how fast Brooks was traveling when he made the abrupt lane change, and he did not know how fast Lauffer was traveling at the time of the accident.

Lauffer provided an affidavit in support of his motion for summary judgment. In his affidavit, Lauffer averred that he was driving within the 55 mph speed limit while pulling a trailer with his van in lane 3 when Brooks suddenly cut into his lane in front of him and hit his brakes. Lauffer stated that, due to traffic conditions, he was unable to swerve out of lane 3 to avoid Brooks, and that "[d]ue to the sudden move of Mr. Brooks and the lack of distance between my vehicle and Mr. Brooks' vehicle, I was unable to slow my vehicle in time to avoid hitting the rear of Mr. Brooks' vehicle."

The only evidence before the trial court on summary judgment was the affidavit from Lauffer and the depositions of Brooks and O'Keefe. In his response to Lauffer's motion for summary judgment and on appeal Brooks argued that a factual issue exists as to whether Lauffer had an opportunity to slow or otherwise avoid colliding with the rear of his car and that Lauffer's negligent failure to exercise due care to avoid the accident concurred with the negligence of Defendant Doe as the proximate cause of the accident.

"All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle, in his turn,

must exercise ordinary care to avoid collision with vehicles, both those in front and those behind him." (Citation and punctuation omitted.) *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25) (1976). Whether or not the following vehicle in a rear-end collision case has exercised ordinary care to avoid the collision is usually a jury question. "Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, just what signals or warnings the driver of a leading vehicle must, in the exercise of due care, give before stopping or slowing up of his intention to do so, may not be laid down in any hard and fast or general rule." Id. However, where the undisputed facts establish liability or the lack thereof such that reasonable minds may not differ, such a case may be decided as a matter of law. Id. at 450-451; compare *Bartja v. Nat. Union Fire Ins. Co. &c.*, 218 Ga. App. 815, 816 (463 SE2d 358) (1995) (disputed facts in rear-end collision case created jury question).

There is nothing in the record which could form the basis for even an inference that Lauffer failed to exercise due care to avoid hitting the rear of Brooks' car. In response to the motion for summary judgment, the burden was on Brooks to come forward with some evidence to establish a question of fact. Brooks never saw Lauffer's car before the accident, so he could not say where Lauffer's vehicle was when he swerved into lane 3, nor could he say how fast Lauffer was going, or whether Lauffer was in a position to have avoided the accident. Brooks admitted he hit his brakes immediately upon swerving into Lauffer's lane to avoid rear-ending a car cutting into the same lane in front of him, and he stated he was hit from the rear as soon as he cut into Lauffer's lane. The undisputed testimony of an impartial eyewitness established that Lauffer was in lane 3 when Brooks abruptly changed lanes and cut in front of Lauffer, leaving virtually no space between the front and the rear of the vehicles and no opportunity for Lauffer to stop or take evasive action. The eyewitness testified that the impact between the two cars occurred immediately upon Brooks' abrupt lane change. Lauffer's affidavit confirmed the testimony of the eyewitness, and stated that he was not speeding, that he had no time to stop, and that because of other traffic he could not swerve out of lane 3 to avoid Brooks.

On the present record, there is no evidence upon which a jury could reasonably conclude that Lauffer failed to exercise ordinary care to avoid the collision. Accordingly, this is a case where the undisputed facts establish that Lauffer was not liable and was entitled to summary judgment in his favor. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 19, 1996 —
RECONSIDERATION DENIED FEBRUARY 1, 1996.

Chambers, Mabry, McClelland & Brooks, James T. Budd, Sandra G. Kirk, for appellant.

Parkerson & Shelfer, William S. Shelfer, Jr., Morris L. Richman, Steven K. Leibel, for appellee.