## A96A0238. HITCHCOCK v. McPHAIL et al.

(471 SE2d 256)

BIRDSONG, Presiding Judge.

Mark Hitchcock sued Paula McPhail for injuries allegedly received when his Toyota pickup truck collided with McPhail's car. The trial court granted a directed verdict to defendant McPhail, and plaintiff Hitchcock appeals.

Paula McPhail was driving south on Covington Highway in DeKalb County at a lawful speed of about 45 mph, when Mark Hitchcock pulled out from a stop sign at Midvale Road to turn left into the northbound lanes of Covington Highway. Covington Highway is a five-lane highway with two northbound lanes, two southbound lanes, and one center turn lane. Hitchcock contends that before entering the highway, he complied with his duty to "first [ascertain] that such movement can be made with safety" under OCGA § 40-6-48 (1), in that he ascertained he had time to safely cross the two southbound lanes of Covington Highway. When he began his turn, he saw that McPhail's car and a John Doe vehicle were at least 1,000 feet away from him and were traveling about 45 mph, but he did not realize the John Doe vehicle was traveling in the center turn lane until he pulled onto Covington Highway. McPhail's car was in the inside southbound lane of Covington Highway next to the center turn lane. Hitchcock testified that when he was crossing the southbound lanes of the highway, he was surprised to see that the John Doe vehicle was traveling in the center turn lane, and he was forced to slow down and let the John Doe vehicle pass in front of him before he could complete his turn. Hitchcock contends that he had successfully crossed the two southbound lanes and had fully entered the center lane and was looking over his right shoulder to make sure that traffic coming from his right was still clear, when McPhail negligently swung into the turn lane and their vehicles collided. Hitchcock's pickup rested on McPhail's car. A police officer testified that when she arrived at the scene, McPhail's car was completely in the center turn lane and Hitchcock's truck was partially in the center turn lane and partially in the northbound lane of Covington Highway.

Hitchcock contends directed verdict for McPhail was improper because there is evidence McPhail saw his truck enter the south-

bound lanes to turn left in front of her, and that although she had sufficient time to apply the brakes when she saw he had to hesitate to let the John Doe vehicle pass in front of him, she did not apply her brakes but instead accelerated into the center turn lane where she collided with Hitchcock. He contends that from the evidence the jury can infer McPhail's failure to apply her brakes and stop for him was negligent, and that her choice, instead, to swerve into the center turn lane was negligent. *Held*:

A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall *demand* a particular verdict. OCGA § 9-11-50 (a). In determining the propriety of a directed verdict, the evidence is construed most favorably to the non-movant. *Blum v. RES Assoc.*, 211 Ga. App. 543, 544-545 (439 SE2d 712); *Lawson v. Athens Auto Supply &c.*, 200 Ga. App. 609, 613 (5) (409 SE2d 60).

Construing the evidence most favorably to non-movant Hitchcock, we yet find, as did the trial court, that the evidence *demands* a conclusion that Hitchcock failed in his first duty, which was to show that before turning onto Covington Highway from a stop sign he "first ascertained that such movement can be made with safety." OCGA § 40-6-48 (1). Although Hitchcock contends he did ascertain that he could turn onto the highway with safety, the evidence demands a finding that Hitchcock was *mistaken* in thinking he had time to cross three lanes of traffic into the northbound lane before any southbound vehicle reached the intersection from which he turned. Moreover, he was *mistaken* in failing to realize that the John Doe vehicle was traveling in the center turn lane and would travel so far as fast as it did so as to force him to halt or hesitate in the southbound lanes to let that vehicle pass before he could proceed into the turn lane. Furthermore, both McPhail's vehicle and the John Doe car were obviously and indisputably so close to the Midvale Road intersection when Hitchcock entered Covington Highway that when he was forced to hesitate to let the John Doe vehicle pass in the center turn lane, he was simply unable to make a safe turn before McPhail came upon him. Speculation that Hitchcock's actions were conceivably reasonable under the circumstances, which might have been a question for the jury, is a contradiction in terms for he was indisputably *mistaken* in ascertaining that he could make the turn safely. See *McNeely v. Harrison*, 138 Ga. App. 310, 313 (226 SE2d 112).

Hitchcock contends McPhail was negligent in failing to apply her brakes, but it is sheer speculation to suggest that a collision would not have occurred if she had applied her brakes. Against the evidence of Hitchcock's own negligence, there is no affirmative proof of negligence on McPhail's part to form a dispute for the jury. Negligence is

not to be presumed, but is a matter for affirmative proof; in the absence of *affirmative proof* of negligence, we must presume performance of duty and freedom from negligence. *Bell v. Leatherwood*, 206 Ga. App. 550, 551 (425 SE2d 679). The fact that when she saw Hitchcock's vehicle in some position before her she accelerated and swerved into the center turn lane instead of applying brakes is not "affirmative proof," id., of negligence on her part, in view of the undisputable facts that Hitchcock entered her lane of travel when he had *mistakenly* thought he could safely make the turn and *mistakenly* did not know the John Doe vehicle was traveling in the turn lane.

Ordinarily it might invade the province of the jury (see *Cagle v. Ameagle Contractors*, 209 Ga. App. 712, 713 (434 SE2d 546)) to make such a conclusion, but the evidence demands a conclusion that Hitchcock negligently ascertained he could enter the highway safely, and Hitchcock has cited to us no evidence from which a jury could reasonably find that McPhail's only non-negligent choice in the circumstances of this case was to apply her brakes. That is, at best the jury could only speculate that in the exigent circumstances negligently created by Hitchcock, defendant McPhail's decision to swerve into the center lane was "affirmative negligence" which was comparatively greater than Hitchcock's proven negligence so as possibly to entitle him to an award of damages from her. See *Union Camp Corp. v. Helmy*, 258 Ga. 263 (367 SE2d 796). The trial court did not err in directing a verdict in this case.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MAY 6, 1996.

*John C. McCaffery*, for appellant.

*Crim & Bassler, Terence D. Williams, Mitchell S. Evans, Downey & Cleveland, George L. Welborn, Freeman & Hawkins, Warner S. Fox, Phyllis V. Harris*, for appellees.