**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 7, 2014**

# In the Court of Appeals of Georgia

A14A0806. DOGAN v. BUFF et al.                                    MI-043

MILLER, Judge.

This personal injury case arises out of two consecutive accidents on Interstate 75. Henry Dogan sued truck driver Jimmy Buff and Buff's employer Rockwell Transportation, alleging that he was injured when Buff negligently and recklessly rear-ended Dogan's vehicle. Buff and Rockwell moved for summary judgment, and the trial court granted their motion.[1] Dogan appeals, contending that factual questions remain regarding Buff's failure to exercise ordinary care. Dogan also contends that

---

[1] Dogan also sued other drivers and entities who were allegedly involved in the two collisions. This appeal involves only the grant of summary judgment to Buff and Rockwell.

the trial court misapplied the rule in *Prophecy*,[2] and failed to consider other evidence on the issue of ordinary care, including the expert evidence and Rockwell's own safety policies. For the reasons that follow, we reverse.

> On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations omitted.) *Campbell v. The Landings Assn., Inc.*, 289 Ga. 617, 618 (713 SE2d 860) (2011).

So viewed, the evidence shows that on February 18, 2009, at approximately 11:30 in the morning, Dogan was driving North on I-75 near Roswell Road. Dogan was driving a Ford van, owned by his employer Royalty Transportation, and he was driving the van in the course and scope of his employment as a patient transport driver. Dogan had dropped off a patient at Emory Hospital in Atlanta and was on his way to Woodstock to pick up his next patient. That section of I-75 Northbound had

---

[2] *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

five lanes and Dogan was driving in the third lane, i.e., the center lane. Traffic on the interstate was heavy, it had just rained and the roadway was wet.

Buff, who was admittedly working in the course and scope of his employment for Rockwell, was hauling a load of dialysis supplies in a tractor-trailer. He was heading to Chattanooga, Tennessee. The gross weight of the fully-loaded tractor-trailer was 80,000 pounds, and Rockwell's trucking manual required its drivers to keep a driving distance of at least one truck length between the driver's vehicle and the vehicle in front of the driver for every 10 mph of speed.

Kevin Palmer was driving an Isuzu truck in the center lane in front of Dogan. Michael Lawrence was driving his mother's BMW in lane two, the lane directly to the left of the lane in which Dogan was driving. Lawrence and Palmer were driving at approximately 65 mph along with the rest of the traffic.

Buff merged behind Dogan's van and was driving directly behind Dogan at a distance of approximately three passenger car lengths, i.e. less than one full tractor-trailer length. Lawrence then lost control of the BMW and collided with the Isuzu in the center lane. Both Dogan and Buff merged into the adjacent lane to avoid the

3

BMW/Isuzu collision, and Dogan stopped the van because of traffic in that lane.[3]

Buff slammed on his brakes in an attempt to stop the tractor-trailer, but he rear-ended Dogan's van. Both Dogan's van and Buff's tractor-trailer sustained moderate damage. Dogan was also physically injured in the accident and taken to the hospital.

Buff was less than 1.5 seconds behind Dogan when they both started braking and the distance between the tractor-trailer and Dogan's van narrowed when both Dogan and Buff applied their brakes because the tractor-trailer had a brake-lag of approximately half a second. Buff and his accident reconstruction expert admitted that Buff might have been following Dogan too closely. Buff and his expert also admitted that Buff would have rear-ended Dogan even if they had both remained in the center lane.

1. Dogan contends that factual questions remain regarding Buff's failure to exercise ordinary care. After a thorough review of the evidence, we agree.

---

[3] The accident report as well as the testimony of Buff, the investigating officer and Dogan's accident reconstruction expert all show that both Dogan and Buff merged left into lane two. Dogan, however, testified in his deposition that he and Buff merged right into lane four. Regardless of the lane into which they merged, Buff admitted that he rear-ended Dogan's van as they merged into an adjacent lane to avoid the BMW/Isuzu collision.

All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both those in front and those behind him.

(Punctuation omitted.) *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25) (1976); see also *Rios v. Norsworthy*, 266 Ga. App. 469, 470 (597 SE2d 421) (2004).

In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. The history of the decisions of [this Court] in this type of case since 1965 convinces us that these issues should be resolved . . . by the jury and not by trial and appellate judges.

*Atlanta Coca-Cola Bottling*, supra, 236 Ga. at 451; see also *Leonard v. Dixon*, 246 Ga. App. 83 (538 SE2d 781) (2000).[4] In this case, the evidence when viewed in the

---

[4] Compare *Lauffer v. Brooks*, 220 Ga. App. 51, 53 (467 SE2d 345) (1996) (defendant driver entitled to summary judgment where undisputed testimony showed

light most favorable to Dogan raises a jury question regarding whether Buff failed to exercise ordinary care under the circumstances.

Notably, both Buff and his accident reconstruction expert admitted that Buff might have been following Dogan too closely because Buff was traveling only three car lengths, i.e. less than one tractor-trailer length, behind Dogan. Buff and his expert also admitted that Buff would have rear-ended Dogan even if they had both remained in the same lane after the BMW and the Isuzu collided. Additionally, the investigating officer testified that Buff would have been following too closely if he was traveling less than three car lengths behind Dogan, and Buff's actions in following too closely would have been a contributing factor to the rear-end collision. Finally, Rockwell's corporate representative testified that Buff was required to follow Rockwell's safety manual which specified a separation distance between tractor-trailers of at least one tractor-trailer length for every 10 mph of speed.[5] Clearly, based

---

that rear-end collision occurred immediately after plaintiff swerved in front of defendant).

[5] Rockwell's trucking manual and safety guidelines are not imposing a heightened standard of care on Buff. These corporate guidelines are relevant because they may be illustrative of ordinary negligence under the circumstances presented in this case, even though the violation of such a rule is not negligence in and of itself. See, e.g., *Southern R. Co. v. Allen*, 88 Ga. App. 435, 450 (12) (77 SE2d 277) (1953).

on the testimony as set forth above, Rockwell's safety guidelines were not complied with in this case. Moreover, Rockwell's representative conceded that Buff was following too closely under the circumstances. The evidence in this case raises a jury question regarding whether Buff was following Dogan too closely and, therefore, whether he failed to exercise ordinary care. Accordingly, the trial court erred in granting summary judgment to Buff and Rockwell.

2. Given our reversal in Division 1 of the grant of summary judgment to Buff and Rockwell, we need not address Dogan's remaining contentions, including his contention that the trial court misapplied the self-contradictory testimony rule in *Prophecy*.[6]

*Judgment reversed. Doyle, P. J., and Dillard, J., concur*.

---

[6] Pursuant to the rule in *Prophecy*, a respondent's unexplained or inadequately explained contradictory testimony must be construed against him for purposes of summary judgment. See *Thompson v. Ezor*, 272 Ga. 849, 851 (1) (536 SE2d 749) (2000).