McFadden, Judge.
On January 30, 2010, a truck driven by Whole Foods Market Group, Inc. employee Kevin Hulsey struck a car driven by Richard Shepard as Hulsey was attempting to change lanes on Interstate 75. Shepard brought a personal injury action against Whole Foods and Hulsey alleging that Hulsey was negligent per se for violating the provision of the Uniform Rules of the Road requiring that a “vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety[.]” OCGA § 40-6-48 (1). The trial court granted Shepard’s motion for partial summary judgment on issues of negligence, proximate cause, and liability, and Whole Foods and Hulsey appeal. They argue that the trial court misapplied the rule in Prophecy Corp. v. Charles Rossignol, Inc., 256 Ga. 27 (343 SE2d 680) (1986), to disregard some of Hulsey’s sworn testimony, and that genuine issues of material fact preclude summary judgment. We find no error in the trial court’s application of the Prophecy rule, and we find that, disregarding the conflicting portions of Hulsey’s testimony, the evidence authorized the trial court’s grant of summary judgment to Shepard. Accordingly, we affirm.
1. Facts.
On appeal from the grant of summary judgment this [c]ourt conducts a de novo review of the evidence to determine whether there is a genuine issue of material facts and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.
Dogan v. Buff, 329 Ga. App. 499 (765 SE2d 674) (2014) (citation omitted).
So viewed, the evidence showed that both Hulsey and Shepard were traveling south on the interstate when the front right wheel of Hulsey’s truck struck the rear left wheel of Shepard’s car, causing the car to spin out of control and collide twice more with the truck. Neither driver saw the other before the collision occurred. Shepard testified that immediately before the collision he was driving completely within his lane of travel with no intention of changing lanes. Hulsey testified that he had just begun to change lanes when he felt the impact of the collision, and that before changing lanes he had checked his mirrors and seen no vehicles.
*138 2. Application of Prophecy rule.
In an affidavit filed in opposition to summary judgment, Hulsey testified that, although he was beginning to change lanes, he had not yet moved out of his own lane of travel at the time of the collision. Shepard argued to the trial court that she should disregard this testimony under the Prophecy rule, see Prophecy Corp. v. Charles Rossignol, Inc., supra, 256 Ga. 27, because it contradicted Hulsey’s earlier deposition testimony. Although the trial court did not expressly address this issue in her summary judgment order, her ruling in Shepard’s favor implies that she disregarded the allegedly contradictory testimony. Whole Foods and Hulsey argue that this was error because the testimony did not conflict. We disagree.
Under the Prophecy rule,
when a party has given contradictory testimony, and when that party relies exclusively on that testimony in opposition to summary judgment, a court must construe the contradictory testimony against him. In such a case, the court must disregard the favorable portions of the contradictory testimony and then decide whether the remaining evidence is sufficient to get by summary judgment. For purposes of the Prophecy rule, testimony is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony.
Bradley v. Winn-Dixie Stores, 314 Ga. App. 556, 557-558 (724 SE2d 855) (2012) (citations, punctuation and footnote omitted). However, “ [contradictory testimony is not to be construed against a party if he offers a reasonable explanation for the contradiction.” Id. at 557, n. 8 (citation omitted).
The parties dispute whether a contradiction exists between Hulsey’s deposition testimony and his later affidavit testimony. In his deposition, Hulsey acknowledged the truth and accuracy of earlier written statements he had made to Whole Foods in an accident report; by doing so he adopted the previously unsworn statements as part of his sworn deposition testimony. CSX Transp. v. Belcher, 276 Ga. 522, 523-524 (1) (579 SE2d 737) (2003). In one of the statements adopted into his sworn testimony, Hulsey indicated that he “started to change lanes [and] felt the front end shake so [he] move[d] back in the lane [he] was in[.]” In another such statement, Hulsey indicated that he “started to change lanes. [T]hat is when [he] felt something start to shake in the front end of the truck. So [he] pulled back in the lane [he] was in[.]” Both of these statements depict Hulsey beginning *139 to change lanes, feeling the impact of the collision, and then pulling “back in” the lane in which he initially had been traveling.
In subsequent affidavit testimony, however, Hulsey averred that he never left the lane in which he initially had been traveling. He stated: “Before I crossed into the lane to my right, I felt a vibration in the front wheel of my vehicle. Therefore, I stopped moving toward the lane on my right, straightened my vehicle which was still... in the lane in which I had been driving and began to lightly apply my brakes.” Elsewhere in the affidavit, Hulsey stated: “I did not leave my lane of travel to cause the incident [.]”
We agree with the trial court that Hulsey’s affidavit testimony that he did not leave his lane of travel conflicted with the written statements, adopted by Hulsey as part of his deposition testimony, that he pulled “back in” his lane of travel. One does not pull “back in” a lane that one already occupies. Whole Foods and Hulsey argue that the affidavit testimony is consistent with other parts of Hulsey’s deposition testimony, specifically where Hulsey declined to agree with the questioner’s statement that he “came back” into his lane and instead responded, “[w]ell, I don’t know that I ever left my lane.” But this argument does not resolve the conflict between the statements that Hulsey adopted into his sworn deposition testimony and his later affidavit testimony; instead, it establishes an additional conflict between Hulsey’s statement that he pulled “back in” his lane and his testimony suggesting that he may not have “come back” into his lane.
In his affidavit, Hulsey attempted to explain the conflict by noting that he was not directly asked in his deposition if he left his lane. Had he been asked that direct question, he averred, he would have responded that he did not leave his lane. But such a direct question is not necessary to establish a conflict that implicates the Prophecy rule. See Walker v. Brannan, 243 Ga. App. 235, 237 (533 SE2d 129) (2000). Moreover, Hulsey’s explanation does not address the conflict with his statements that, upon feeling the impact of the collision, he pulled “back in” his lane. Hulsey was specifically asked about those statements in the deposition and given an opportunity to disagree with any part of the statements; he testified that he did not disagree with anything in the statements.
Under these circumstances, the Prophecy rule authorized the trial court to disregard the portions of the conflicting testimony that were favorable to Hulsey in deciding the motion for summary judgment. Bradley, supra, 314 Ga. App. at 557-558.
3. Negligence per se.
The evidence, viewed in the light most favorable to Whole Foods and Hulsey except for the contradictory portions of Hulsey’s testimony, shows that Hulsey began to change lanes and collided with *140 Shepard’s vehicle in Shepard’s lane of travel. This evidence demonstrates a violation of OCGA § 40-6-48 (1), which required Hulsey to drive his vehicle “as nearly as practicable entirely within a single lane” and not move his vehicle “from such lane until [he] ha[d] first ascertained that such movement [could] be made with safety,” thereby establishing a prima facie case for negligence per se. See Harden v. Burdette, 204 Ga. App. 733, 735 (4) (420 SE2d 626) (1992) (“A violation of the Uniform Rules of the Road prima facie establishes negligence per se in the absence of a valid defense.”) (citation omitted). Once a plaintiff establishes a prima facie case of negligence per se, the “burden then shifts to the defendant to show that the violation was unintentional and in the exercise of ordinary care.” Id. (citations and punctuation omitted).
Disregarding the contradictory portions of Hulsey’s testimony, Whole Foods and Hulsey have pointed to no evidence that raises a fact question as to whether Hulsey exercised ordinary care despite moving into Shepard’s lane and colliding with his vehicle. Although Hulsey testified that before beginning to change lanes he checked the adjacent lane but did not see Shepard’s vehicle, the undisputed evidence shows that Shepard’s vehicle nevertheless was driving in that adjacent lane in front of Hulsey’s truck. There is no evidence that Shepard also was attempting to change lanes at the time of the accident. Under these circumstances, “[speculation that [Hulsey’s] actions were conceivably reasonable under the circumstances, which might have been a question for the jury, is a contradiction in terms for he was undisputably mistaken in ascertaining that he could [move from his lane] safely.” Hitchcock v. McPhail, 221 Ga. App. 299, 300 (471 SE2d 256) (1996) (citation omitted; emphasis in original). Compare Turner v. Masters, 304 Ga. App. 855, 857 (1) (698 SE2d 346) (2010) (jury was authorized to find that driver exercised ordinary care in changing lanes where driver testified that he made an effort to ensure that he had a clear path of travel and posited that the other driver, whom he struck, had also been attempting to change lanes at that time). Accordingly, Whole Foods and Hulsey have not pointed to evidence that rebuts a finding of negligence per se, and the trial court did not err in granting partial summary judgment to Shepard. Cf. Hitchcock, 221 Ga. App. at 300-301 (trial court did not err in directing verdict to plaintiff in case where undisputed evidence established that defendant violated the rules of the road based on her mistaken belief that she could make a driving maneuver safely).

Judgment affirmed.

Barnes, P. J., Ellington, P. J., and Phipps, P. J., concur in judgment only. Dillard, Ray, and McMillian, JJ., dissent.